UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

Sandra Boyc-el, as Mother and Natural Guardian
On behalf of her minor child Aleah Harrison,
Julia McClean, as Mother and Natural Guardian
on behalf of her minor child Nykia Blanks
Anita Williams, as Mother and Natural guardian on
behalf of her Minor Child Mary Williams

                              Plaintiffs,

    -against-

THE CITY OF NEW YORK, POLICE OFFICER
NATISH JOSEPH (Shield number 11163) and POLICE
OFFICER JOHN DOE 1 - 5
the names being fictitious and presently unknown
in their individual and official capacities and
employees of the City of New York Police Department

                              Defendants.
-----------------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 14 2011 ★

BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

CV 11 - 1252

MATSUMOTO, J.

MANN. M.J.

    The Plaintiffs, Sandra Boyce-el, as mother and natural guardian on behalf of her minor child Aleah Harrison, Julie McClean, as mother and natural guardian on behalf of her minor child Nykia Blanks, Anita Williams, as mother and natural guardian on behalf of her minor child Mary Williams, by their attorney, Marisa Benton, Esq., alleges the following for this Complaint:

### Nature of the Action

1. This civil rights action arises from the December 15, 2009 unlawful arrest of Plaintiff Aleah Harrison and use of excessive force by Defendants on Aleah Harrison, Mary Williams and Nykia Blanks. The Plaintiffs' seek relief for the Defendants' violation of their rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. §§ 1981 and 1983 and of the rights secured by the United States Constitution, Amendments Four and Fourteen and for the rights secured under the Constitution of the State of New York, Article 1 §11 and §12 and the common law of the State of New York. Plaintiffs

seeks damages, both compensatory and punitive, affirmative and equitable relief, an award or attorneys' fees and costs and such other relief as this Court deems equitable and just.

## Jurisdiction

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. Sec.1343 (3) (4). Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. § 331 and §1367. Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do Plaintiffs' federal claims.

## Venue

3. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the incident giving rise to this claim occurred in the Eastern District and all of the Plaintiffs resides in the Eastern District.

## Notice of Claim

4. Within ninety days after claim arose, Plaintiffs filed Notices of Claim upon Defendants City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

5. The Notice of Claim was in writing, sworn to by Plaintiffs and contained the name and address of the Plaintiffs.

6. The Notices of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiffs.

7. The City of New York has neglected and failed to adjust the claims within the statutory time period.

## Parties

8. Plaintiffs' are citizens of the United States, and at all relevant times, a resident of the County of Kings, State of New York. The Plaintiffs have never been arrested prior to this incident.

9. Defendants CITY OF NEW YORK is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to sec. 431 of its Charter. The City of New York has established and maintains a Department of Police as a constituent department or agency of the Defendants.

10. At all relevant times, the City of New York and its Police Department (hereafter "NYPD") employed the Defendants, who are identified below.

11. Defendant Officer JOSEPH is employed by the New York City Police Department.

12. Defendants JOHN DOE 1 through 10 is a representative of several police officers employed by the New York City Police Department.

13. Defendants (the "individual Defendants") were at all relevant times, on duty on December 15, 2009.

14. At all relevant times, the individual Defendants' were acting under color of state law.

15. At all relevant times, the individual Defendants were agents, servants and employees acting within the scope of their employment.

## Statement of Facts

16. At all times relevant herein, Plaintiffs were conducting themselves lawfully and were not acting in violation of any of the laws of the State of New York.

17. On or about December 15, 2009, at approximately 4:00 p.m., in the Atlantic Terminal Station, located in Kings County, various New York Police Officers, including the individual Defendant JOSEPH, arrested Plaintiff Aleah Harrison without probable cause and used excessive force against her, Mary Williams and Nykia Blanks.

18. The Plaintiffs, Aleah Harrison, Mary Williams, and Nykia Blanks were on their way home from shopping at Atlantic Mall.

19. The date of birth for the Plaintiffs are as follows: Aleah Harrison, September 23, 1994; Mary Willaims, March 18, 1994; and Nykia Blanks, February 16, 1994.

20. The Plaintiffs entered the Atlantic Street Terminal at approximately 4:45pm. After entering into the turnstile, Ms. Blanks walked up to two officers in plainclothes, Defendants Officer Joseph and Officer John doe 1 and asked for directions toward the "3" train platform.

21. Shortly afterwards, Plaintiff Harrison joins her friends. As she approached the group, Officer JOSEPH states, "you think you're really smart, don't you?" He then turns to Officer Joe Doe "Don't you see what she just did?"

22. Defendant Officer Joseph then grabs, Ms. Harrison and orders her to go to speak to the MTA attendant.

23. Plaintiff Aleah Harrison complies with Officer Joseph's order.

24. Defendant Officer JOSEPH then turns to Plaintiffs Nykia Blanks and Mary Williams, and tells them that they have to leave the station.

25. The Plaintiffs objected and showed him their fare cards. Defendant Officer JOSEPH responded by grabbing and pulling Plaintiffs Blanks and Williams towards the exit.

26. At this point the three Plaintiffs, who are all age 15 at the time, grab onto one another as they are in fear for their safety.

27. Defendant Joseph pulls Plaintiffs apart and places handcuffs on them and forcefully drags all three of them through the station and up the stairs.

28. Citizen bystanders seeing this take place verbally objected to the officers mistreatment of the plaintiffs. The citizen bystanders suggested that the Defendants cease using excessive and unnecessary force against Plaintiffs.

29. One witness, Cara Paris, heard Plaintiff Harrison screaming in fear. Ms. Paris also witnessed the Defendant dragging the Plaintiffs up the stairs.

30. Ms. Paris attempted to intervene by asking the Officers who was in charge hoping to stop the Defendant's inappropriate behavior, but Defendant Joseph continued to forcefully drag the Plaintiffs through the train station.

31. At one point, Defendant Joseph lost grip of Aleah Harrison, then grabbed her by her hair.

32. Defendant Officer Joseph continued to drag Plaintiffs up the stairs causing bruising and lacerations to their arms, neck and body.. When a bystander coming down the staircase attempted to verbally intervene, Joseph pushed her to the ground while telling her to mind her business.

33. As Defendant was dragging the Plaintiffs up the stairs, they were met by rush hour pedestrian traffic making their way down the stairs. At this point, Defendant Joseph pushes Aleah Harrison, who is in handcuffs, down the stairs, causing her to fall down the stairs landing on her face and breaking off several teeth. At this point, Harrison begins to hyperventilate.

34. Plaintiffs Nykia Blanks and Plaintiffs Mary Williams repeatedly request medical attention, and tell Officer Joseph that Aleah Harrison has had heart surgery, however, none of the Defendant Officers call for medical attention.

35. Plaintiff Blanks and Williams are eventually released and ordered to leave. Plaintiff Harrison was held and taken to the 84th precinct until her mother came to get her.

36. Defendants New York Police Department (NYPD) knew to a moral certainty that NYPD Police Officers in their practice will encounter young adults and children who are much smaller than them in size on the job.
Defendant NYPD knew that a situation where a member of the public might pose a threat towards the NYPD Officer would impose a difficult decision upon said police officers and knew that proper training or supervision, especially in, but not limited to, the area of Constitutional law would ameliorate the danger of said police officers from making a wrong or illegal decision in such a situation.

37. Defendants NYPD knew that if its police officers made a wrong or illegal decision in such a situation, it would likely result in violation of an individual's constitutional rights.

38. The above-described actions of Defendants Officer Joseph and Officer John Does 1-10, clearly indicate that Defendants lack the necessary temperament, discipline, and mental stability to be police officers and to interact with members of the public.

39. Proper screening by Defendants NYPD would have caused Defendants NYPD to identify the above described deficiencies of Defendants Officer Joseph and Officer John Doe 1-10 prior to hiring and employing them as NYPD Police Officers.

40. Defendants NYPD failed to properly screen Defendants Officer Joseph and Officer John Does 1-10 before hiring them and therefore negligently hired and employed Defendants Officer Joseph and Officer John Does 1-10.

41. Proper screening, training and supervision of Defendants would have caused Defendants NYPD to identify the above described deficiencies of Defendants Officer Joseph and Officer John Does 1-10 after they had been negligently hired and employed as NYPD Police Officers.

42. Defendants NYPD failed to properly screen, train an supervise Defendants Officer Joseph and Officer Does 1-10 after hiring them and therefore negligently trained, supervised, and retained Defendants Officer Joseph and Officer John Doe 1-10 after negligently hiring and employing them as NYPD Officers.

43. As a direct and proximate result of the above said acts of the Defendants, Plaintiffs Harrison, Blanks and Williams suffered the following injuries and damages:

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

44. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein..

45. The acts of the Defendants, acting under color of law, in arresting, in verbally abusing and in physically assaulting Plaintiffs were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences to the Plaintiffs and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of her Constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

46. As a consequence thereof, Plaintiffs have been injured.

## SECOND CAUSE OF ACTION

47. The above Paragraphs numbered "1" through "44"are here incorporated with the same force and effect as if fully set forth herein.

48. The acts of the Defendants, acting under color of law, in arresting Plaintiffs, verbally abusing Plaintiffs, and in physically assaulting Plaintiffs were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of her Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

49. As a consequence thereof, Plaintiffs have been injured.

## THIRD CAUSE OF ACTION

50. The above Paragraphs numbered "1" through "44"are here incorporated with the same force and effect as if fully set forth herein..

51. The conduct and actions of the Defendants acting under color of law, in subjecting Plaintiffs, who are African-American, to assault were motivated by racial animus, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts; were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. §1981 and the Fifth, Thirteenth and Fourteenth Amendment to the United States Constitution.

52. As a consequence thereof, Plaintiffs have been injured.

## FOURTH CAUSE OF ACTION

53. The above Paragraphs numbered "1" through "44"are here incorporated with the same force and effect as if fully set forth herein...

54. On information and belief, the Defendants New York City Police Department failed to effectively screen, hire, train, supervise and discipline its police officers, including the Defendants, for their propensity for violence, including excessive force and restraint, for racial bias, particularly its treatment of African-American people, lack of truthfulness, and for their failure to protect citizens

from unconstitutional conduct of other correction officers, thereby permitting and allowing Defendants to be in a position to assault, beat and/or excessively restrain the Plaintiffs and otherwise cause her injury and violate her federal and state constitutional rights.

55. On information and belief, the Defendants have been the subject of prior civilian and departmental complaints of misconduct that put, or should have put, the Defendants New York City Police Department on notice that Defendants were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as conduct complained of by the Plaintiffs herein.

56. On information and belief, the Defendants New York City Police Department failed to put into place and otherwise maintain an adequate structure for risk containment and stress management relative to its officers. The structure was deficient, <u>inter alia</u>, at the time of pre-selection and selection to properly evaluate and exchange within the command structure information about the performance of individual police officers, the training of supervisory personnel to effectively and adequately evaluate performance of an officer, and to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The net effect of this was to permit officers of the City of New York to function at levels of significant and substantial risk to the public in general and to the minority community in particular.

57. As a result of a conscious policy, practice, custom or usage, Defendants New York City Police Department has permitted and allowed for the employment and retention of individuals whose individual circumstances place public or segments thereof at substantial risk of being victims of violent or racially motivated behavior. Such, practice, custom or usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the Plaintiffs.

58. The conduct of the Defendants New York City Police Department was the direct and proximate cause of the injuries to the Plaintiffs.

59. As a consequence thereof, Plaintiffs have been injured.

## **FIFTH CAUSE OF ACTION**

## FIFTH CAUSE OF ACTION

60. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

61. The conduct of Defendants in arresting and assaulting the Plaintiffs constituted the following torts under the laws of the State of New York:

   A. assault;

   B. battery;

   C. trespass upon the person of Plaintiffs;

   D. negligence;

   E. false arrest;

   F. false imprisonment;

   G. malicious prosecution;

   H. intentional infliction of emotional distress in that the Defendants intended to and did cause the Plaintiffs severe emotional distress, and the Defendants' acts were outrageous in the extreme and utterly unacceptable in a civilized society.

62. The failure of the Defendants City of New York and New York City Police Department to properly hire, screen, supervise and train Defendants' constituted the tort of negligence.

63. As a consequence thereof, Plaintiffs have been injured.

## SIXTH CAUSE OF ACTION

64. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

65. The acts of the Defendants, acting under color of law, in arresting Plaintiffs and in physically assaulting Plaintiffs were done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences to the Plaintiffs and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiffs in

violation of her Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

66. As a consequence thereof, Plaintiffs have been injured.

## SEVENTH CAUSE OF ACTION

67. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

68. The acts of the Defendants, acting under color of law, in arresting Plaintiffs, and assaulting Plaintiffs were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of his Constitutional rights as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

69. As a consequence thereof, Plaintiffs have been injured.

## EIGHTH CAUSE OF ACTION

70. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

71. Defendants falsely arrested and unlawfully imprisoned Plaintiffs, or caused Plaintiffs to be falsely arrested and unlawfully imprisoned, by way of the above-described actions.

72. Plaintiffs claim damages against each Defendant, under 42 U.S.C. §1983, for the injuries set forth above suffered by Plaintiff's as a result of their false arrest and unlawful imprisonment.

73. As a consequence thereof, Plaintiffs have been injured.

## NINTH CAUSE OF ACTION

74. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

75. Defendants utilized excessive force against Plaintiffs or caused excessive force to be used against Plaintiffs, by way of Defendant Officer Joseph forcefully grabbing Plaintiff Harrison, Blanks and Williams and dragging them through the turnstile and up the stairs during the course of Defendants effectuating the unlawful arrest of Plaintiff Harrison.

76. Defendants utilized excessive force against Plaintiff Harrison by way of Defendants pushing Plaintiff Harris down the stairs thereby causing Plaintiff Harris to suffer broken teeth and a laceration to her lip, during the course of Defendants making the unlawful arrest of Plaintiff Harrison. Also, by grabbing, pulling and pushing Plaintiff's Williams and Blanks, Officer Joseph caused bruising to about the arms, neck and body of Williams and Blanks.

77. Plaintiff Harrison, Plaintiff Blanks, and Plaintiff Williams claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiff Harrison, Plaintiff Williams and Plaintiff Blanks as a result of the above-described use of excessive force by the Defendants.

78. As a consequence thereof, Plaintiffs have been injured.

## TENTH CAUSE OF ACTION

79. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

80. Defendants maliciously prosecuted Plaintiff, or caused Plaintiff to be maliciously prosecuted, by way of Defendants' above-described actions.

81. Plaintiffs claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiffs as a result of the malicious prosecution caused by the Defendants.

## ELEVENTH CAUSE OF ACTION

82. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

83. Defendants intentionally inflicted emotional distress upon Plaintiffs by way of Defendants' above-described actions.

84. Plaintiffs claim damages against each Defendant, under 42 U.S.C. § 1983, for the injuries set forth above suffered by Plaintiffs as a result of the Defendants intentional infliction of emotional distress upon Plaintiffs.

## TWELVTH CAUSE OF ACTION

85. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

86. Each of the individual Defendants falsely arrested and unlawfully imprisoned Plaintiffs, or caused Plaintiffs to be falsely arrested and unlawfully imprisoned, by way of Defendants' above-described actions.

87. As a result of these false arrests and unlawful imprisonments, Plaintiffs suffered injuries as aforesaid and claim damages for said injuries.

## THIRTEENTH CAUSE OF ACTION

88. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

89. Defendants utilized excessive force against Plaintiff Harrison, or caused excessive force to be used against Harrison, by way of Defendants forcefully grabbing Plaintiff Harrison, pulling her through the train station by her arms and body and then her hair and causing her to fall down while she was handcuffed during the course of Defendants effectuating the unlawful arrest of Plaintiff Harrison.

90. Defendants utilized excessive force against Plaintiff Harrison, or caused excessive force to be used against Plaintiff Harrison, by way of Defendants pushing Plaintiff Harrison to the ground thereby causing Plaintiff Harrison to suffer a laceration to her lips and break several teeth during the course of Defendants effectuating the unlawful arrest of Plaintiff Harrison. By Defendant Joseph's forceful grabbing, pulling and pushing of Plaintiffs Williams and Blanks he caused multiple bruises about their body, arms and neck.

91. As a result of this use of excessive force by the Defendants, Plaintiffs Harrison, Williams and Blanks suffered injuries as aforesaid and claim damages for said injuries.

## FOURTEENTH CAUSE OF ACTION

92. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

93. Defendants maliciously prosecuted Plaintiffs, or caused Plaintiffs to be maliciously prosecuted, by way of Defendants' above-described actions.

94. As a result of this malicious prosecution, Plaintiffs suffered injuries as aforesaid and claim damages for said injuries.

## FIFTEENTH CAUSE OF ACTION

95. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

96. Defendants intentionally inflicted emotional distress upon Plaintiffs by way of Defendants' above-described actions.

97. As a result of this intentional infliction of emotional distress, Plaintiffs suffered injuries as aforesaid and claim damages for said injuries.

98. The above Paragraphs numbered "1" through "44" are here incorporated with the same force and effect as if fully set forth herein.

99. Defendants negligently inflicted emotional distress upon Plaintiffs by way of Defendants' above-described actions.

100. As a result of this negligent infliction of emotional distress, Plaintiffs suffered injuries as aforesaid and claim damages for said injuries.

## REQUEST FOR RELIEF

101. **WHEREFORE**, Plaintiffs respectfully requests that judgment be entered as follows:

    (A)  Declaratory relief as follows:

    1.  A declaration that Plaintiffs' right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

2. A declaration that Plaintiffs' right to be free from unreasonable searches and seizures under New York State Constitution was violated;

3. A declaration that Plaintiffs' right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

4. A declaration that Plaintiffs' right to be free from malicious prosecution under the United States Constitution was violated;

A declaration that Plaintiffs' right to be free from excessive and unreasonable force under the New York State Constitution was violated;

(B) Compensatory damages in an amount to be determined by a jury;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D) An award to Plaintiffs of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988;

(F) Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
March 14, 2011

Marisa Benton
Attorney For Plaintiffs
Sankofa Law Firm
116 West 111th Street
New York, NY 10026
212-280-8010 (o)
212-222-2680 (f)

TO: New York City
Corporation Counsel Officer
100 Church Street, 4th FLoor
New York, NY 10038

Officer Natish Joseph Shield# 11163
Transit District 32
1 Police Plaza
New York , NY 10038