```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- X
SANDRA BOYCE-EL, AS MOTHER AND GUARDIAN
OF HER NATURAL CHILD A.H., JULIA
MCCLEAN, AS MOTHER AND GUARDIAN OF HER        ORDER ADOPTING REPORT
NATURAL CHILD J.M., AND ANITA WILLIAMS,       AND RECOMMENDATION
AS MOTHER AND GUARDIAN OF HER NATURAL
CHILD, M.W.,                                  11-CV-1252(KAM)(RLM)

                      Plaintiffs,

    -against-                         X

THE CITY OF NEW YORK, POLICE OFFICER
NITISH JOSEPH, and POLICE OFFICERS JOHN
DOE 1-5, the names being fictitious and
presently unknown in their individual
and official capacities and employees
of the City of New York Police
Department,
                      Defendants.
-----------------------------------
```

**MATSUMOTO, United States District Judge:**

On March 14, 2011, plaintiffs Sandra Boyce-El, as mother and guardian of her natural child A.H., Julia McClean, as mother and guardian of her natural child J.M., and Anita Williams, as mother and guardian of her natural child, M.W., ("plaintiffs") commenced this action against defendants the City of New York, Police Officer Nitish Joseph, and Police Officers John Doe 1-5 ("defendants"), seeking damages and equitable relief for violations of 18 U.S.C. §§ 1981 and 1983, the Fourth and Fourteenth Amendments to the United States Constitution, Article 1 of the New York State Constitution, and New York State

1

common law. (*See generally* ECF No. 1.)

On October 3, 2011, defendants answered the complaint. (ECF No. 4.) On October 14, 2011, the parties appeared for an initial conference before Magistrate Judge Roanne L. Mann and also discussed the possibility of settlement. (ECF No. 6; *see also* Minute Entry dated 10/14/2011.) Subsequently, on December 30, 2011, plaintiffs filed an Amended Complaint. (ECF No. 9.) The parties again appeared before Magistrate Judge Mann for a settlement conference on March 29, 2012. (ECF No. 12, *see also* Minute Entry dated 3/29/2012.)

On June 4, 2012, the parties informed the court by letter that the case had been settled. (ECF No. 13.) Magistrate Judge Mann ordered the parties to file a stipulation of discontinuance by July 2, 2012. (ECF No. 14, Order dated 6/5/2012.) On June 22, 2012, the parties filed a stipulation of discontinuance, agreeing thereby to settle the plaintiffs' claims, including those of infant plaintiff A.H.[1], for varying amounts. (ECF No. 15, Stipulation of Discontinuance dated 6/22/12, at 2.) Because this case involved the claims of one infant plaintiff, however, Magistrate Judge Mann further ordered

---

[1] As noted by Magistrate Judge Mann, according to the Amended Complaint, infant plaintiff A.H. reached the age of majority on September 23, 2012, approximately a week after the infant compromise papers were filed. (ECF No. 9, Amended Complaint ¶ 19.) The two other plaintiffs reached the age of majority prior to the settlement. (*See id.*) Because plaintiff A.H. was a minor, however, when the case was brought and the settlement achieved, the court will refer to her only by her initials.

the parties to file the appropriate infant compromise papers for the court to approve the settlement by July 10, 2012. (ECF No. 16, Order dated 6/25/2012.) Nonetheless, on September 10, 2012, well after the due date, the parties filed another stipulation of discontinuance without the required infant compromise papers. (*See* ECF No. 17, Stipulation of Discontinuance dated 9/7/12.)

On September 11, 2012, Magistrate Judge Mann again directed the parties, via an order to show cause, to file the necessary infant compromise papers by September 18, 2012. (ECF No. 18, Order to Show Cause dated 9/11/12.) On September 17, 2012, plaintiffs' counsel filed infant compromise papers on behalf of infant plaintiff A.H. and a declaration in support thereof and moved for this court to approve the settlement as to her. (*See generally* ECF No. 22, Plaintiffs' Motion to Approve Infant Compromise[2] ("Pls.' Mot.").) Plaintiffs' counsel again set forth the parties' agreed-upon settlements for the plaintiffs and averred that the differences in settlement amounts reflected the differences in the injuries sustained by the plaintiffs. (Pls.' Mot. at 4.)

On September 17, 2012, after reviewing plaintiff A.H.'s infant compromise motion filed that same day, this court

---

[2] Plaintiffs' Motion to Approve Infant Compromise filed on September 17, 2012 also included the Declaration of Marisa F. Benton, Esq. in Support, a Proposed Order, and the Declaration of Sandra Boyce-El in Support, all filed as one document, Number 22, on the ECF system. (*See* ECF No. 22.) Thus, for convenience, the court will refer to the ECF-generated pagination when citing to these documents.

3

ordered plaintiff to provide, by September 26, 2012, a supplemental submission regarding the fees and costs incurred by plaintiffs' counsel with respect to time and expenses related to infant plaintiff A.H.'s claims in order to comply with the applicable procedural rules regarding approval of infant compromises. (*See* docket entry dated 9/17/12.)

Additionally, on September 21, 2012, Magistrate Judge Mann held a telephonic conference with the parties to address certain issues, such as a potential conflict in the net amount to be retained by the infant plaintiff, raised in the motion. (ECF No. 23; *see also* Minute Entry dated 9/21/12.) Magistrate Judge Mann further ordered the parties to provide, by September 26, 2012, limited additional information and to submit a proposed order directing that the net settlement funds be deposited in a specific bank for the benefit of the infant plaintiff and allowing withdrawals to pay for dental work required by the infant plaintiff A.H. (*Id.*)

Consequently, on September 26, 2012, plaintiff's counsel submitted a supplemental motion for approval of an infant compromise and the proposed order as directed by both this court and Magistrate Judge Mann. (ECF No. 24, Plaintiffs' Supplemental Motion for Approval of Infant Compromise.)

Presently before the court is a Report and Recommendation issued by Magistrate Judge Mann on October 1,

4

2012, recommending that the court approve the proposed settlement as to infant plaintiff A.H. and so-order plaintiffs' Proposed Order dated September 26, 2012, with suggested modifications thereto. (ECF No. 25, Report and Recommendation dated 10/1/12 ("R&R"), at 2.)

As set forth in Federal Rule of Civil Procedure 72(b)(2), any party wishing to object to a Magistrate Judge's Report and Recommendation must do so within fourteen days.[3] The period for filing objections has now expired, and no objections to Magistrate Judge Mann's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon review of Magistrate Judge Mann's thorough and well-reasoned Report and Recommendation and the record in this

---

[3] Additionally, in the docket entry accompanying Magistrate Judge Mann's Report and Recommendation dated 10/1/12, it was noted that any objections to the Report and Recommendation were due by October 18, 2012. (*See* docket entry dated 10/1/12.)

5

case, and considering that no party has objected to any Magistrate Judge Mann's recommendations, the court finds no clear error in the Report and Recommendation and hereby affirms and adopts it as the opinion of the court.

## CONCLUSION

For the foregoing reasons, the court approves the proposed settlement in this case as set forth in the accompanying Infant Compromise Order, which encompasses the plaintiffs' Proposed Order dated September 26, 2012 and Magistrate Judge Mann's suggested modifications thereto. The court also so-orders the parties' stipulation of discontinuance dated September 7, 2012, attached hereto.

Therefore, the clerk of court is respectfully directed to close this case.

**SO ORDERED.**


Dated:   December 3, 2012
         Brooklyn, New York

                                   ___/s/_____ _____
                                   Kiyo A. Matsumoto
                                   United States District Judge
                                   Eastern District of New York

6